## HALSEY BROWER vs. SAMUEL BROOKS and WILLIAM JUDSON.

On a motion to take from the files of the court a plea of Defendant because it is not verified by his oath; the notice of motion should specify the ground upon which the motion is founded.

*It seems,* that if the grounds of the motion appear *clearly* in the moving papers, it will be held sufficient, although not stated in the notice.

*New York Special Term, December,* 1847.—The Plaintiff moved to take from the files of the court the plea of the Defendant Brooks on the ground that it was not duly verified by the Defendants' oath.

A. M. BURT, *for Plff.*

B. S. BROOKS, *for Deft Brooks.*

HARRIS, Justice.—The plea, having been filed without being sworn to, is undoubtedly irregular; but I think the objection to the sufficiency of the notice of this motion is well taken. It is a salutary rule

that in all cases where, in answer to a motion, the opposite party would have a right to explain by affidavit the matters which constitute the foundation of the motion, he should be apprised by the notice of the motion, or in the papers upon which the motion is to be founded, of the grounds upon which the moving party relies to sustain his motion. (*Hanna* v. *Curtis*, 1 Barbour's Rep. 263.) In this case there is nothing in the notice of motion, or in the papers themselves, from which the Defendants can be informed as to the points upon which the Plaintiff will insist in support of his motion. The notice is merely that a motion will be made to take the plea from the files of the court, and that it would be founded upon the bill and plea. I think this is not sufficient. The notice should have specified that the ground upon which the motion would be founded, was that the plea had not been sworn to. It is possible, that had the Defendant been thus apprised of the ground of the motion, he might have been prepared to show that consent had been given to file the plea without oath, or in some other way, to show that the plea had not been irregularly filed. For this reason the motion must be denied, but as the Plaintiff is entitled to have the plea verified by the Defendant's oath, he may have liberty to renew the motion, unless, within six days, the Defendant file and serve a new plea. Neither party is to have costs upon this motion.